IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF NORTH CAROLINA

IN RE: PROCEDURES FOR THE FILING, SERVICE, AND MANAGEMENT OF
HIGHLY SENSITIVE DOCUMENTS.

STANDING ORDER NO. 3:21 MC 5

FILED
ASHEVILLE, N.C.

MAR 04 2021

U.S. DISTRICT COURT
W. DIST. OF N.C.

In response to recent disclosures of widespread breaches of both private sector and government computer systems, the Judicial Conference of the United States Courts has directed all federal courts to issue security procedures to protect materials that contain highly sensitive information ("highly sensitive documents" or "HSDs").

IT IS HEREBY ORDERED that, effective as of the date of this Order and until such time as the Court orders otherwise, the filing of documents containing highly sensitive information or HSDs shall be subject to the procedures and requirements set forth below. This Standing Order supersedes any and all inconsistent provisions in existing local rules or other standing orders of this Court.

IT IS ORDERED:

1. There is good cause, pursuant to Fed. R. Civ. P. 5(d)(3)(A) and Fed. R. Crim. P. 49(b)(3)(A), to permit parties to file certain documents which contain highly sensitive information outside of the Court's electronic filing system.

2. The following provisions apply, effective immediately, to all documents containing highly sensitive information filed after the promulgation of this Standing Order. They do not affect procedures for all documents containing information routinely filed under seal or restricted access pursuant to this court's local rules LCvR 6.1 and LCrR 55.1.

3. Documents containing highly sensitive information (HSDs) for purposes of this Order are documents that include sensitive information likely to be of interest to the intelligence service of a hostile foreign government and the use or disclosure of which could cause significant harm, or by their disclosure present an extraordinary situation that could reasonably be expected to cause grave damage or injury beyond that which is ordinarily protected by way of sealing such documents.

Very few documents filed under seal in federal court contain such information. Nevertheless, the Court anticipates that documents containing such information may involve the following areas and might be filed in cases involving:

- National security;
- Foreign or domestic sovereign interests;
- Cybersecurity issues;
- Ongoing law enforcement investigations of an extraordinary nature;
- Foreign intelligence-gathering operations;
- Foreign targets or witnesses;
- Information whose disclosure would risk the safety of public officials or the integrity of governmental operations;
- Non-public intellectual property (including trade secrets) whose disclosure would benefit a hostile foreign government;
- The reputational interests of the United States.

4. Documents containing highly sensitive information will not generally include the following:

- Presentence and pretrial reports and objections, pretrial release reports, and pleadings related to such reports;
- Pleadings indicative of cooperation in criminal cases;
- Sealed indictments, criminal complaints, arrest warrants, or petitions for action on conditions of release;
- Grand jury proceedings;
- Social Security records;
- Medical, mental health, or rehabilitation records;
- Administrative records in immigration cases;
- Attorney discipline proceedings;
- Juvenile proceedings;
- Documents containing personal or financial information;
- Education records;
- Proprietary business information not of interest to a foreign government;
- Documents subject to a routine protective order in a civil case; and
- Ordinary sealed filings in civil cases.

5. It is the primary responsibility of a filing party to determine if a document to be filed constitutes an HSD.

   a. If the filing party determines that it is an HSD, the filing party shall electronically file a "Notice of Filing a Highly Sensitive Document," and contemporaneously as possible with this "Notice" provide the original to the Clerk's Office in hard copy plus:

      i. Two copies of a printed copy of the filed "Notice of Filing of a Highly Sensitive Document";

      ii. Two copies of a separate statement explaining or supporting the basis for the filing party's conclusion that the filing is highly sensitive;

      iii. Original and TWO copies of the sensitive document or documents.

   b. In the <u>extremely</u> unusual case in which highly sensitive documents may be too voluminous to readily provide in hard copy, or if the filing cannot be reduced to hard copy, the filing party may contact an assigned judge's chambers to discuss how the documents may be submitted.

   c. If the "Notice of Filing a Highly Sensitive Document" cannot be electronically filed, (e.g., in a sealed case), the filing party may present to the Clerk its hard copy and two copies of the "Notice" for initial filing along with its supporting documentation above.

6. The "Notice of Filing of a Highly Sensitive Document" shall include proof of service on all parties.

7. No motions are required to be filed requesting the Court to treat any document(s) as HSDs. Upon filing of the "Notice of Filing a Highly Sensitive Document" the documents shall be deemed containing highly sensitive information by the court and the Clerk shall process the documents as such. Such designation and treatment shall continue until such time as the Court orders otherwise.

8. The filing party shall, for documents that must be served on opposing parties, effect service using one of the non-electronic methods of service provided by Fed. R. Civ. P. 5 or Fed. R. Crim. P. 49.

- 3 -
Case 3:21-mc-00005-MR   Document 1   Filed 03/04/21   Page 3 of 4

9. The Clerk's Office shall file-stamp the hard-copy submission and, unless otherwise directed by the Court, keep the highly sensitive document or documents in its secure custody and control in a non-electronic system.

10. The Court, on its own motion or upon the motion of any party, may determine that any document filed as an HSD is not properly classified as such, whereupon the Court shall order that such document be filed electronically in the Court's CM/ECF system, and if appropriate that such filing be under seal.

11. The parties' responsibility for determining whether a document is highly sensitive does not preclude the Court from determining on its own that a document is highly sensitive and should be removed from the Court's electronic filing system and retained non-electronically.

12. While a party may request the court to remove images previously filed in CM/ECF as those documents would now meet the requirements of a document containing highly sensitive information, removing files from the local court's database does NOT remove images of those documents on numerous back-up files on various servers around the country, so complete removal of any previously filed documents from all the judiciary's servers is not possible.

13. Any questions about how a highly sensitive document should be filed may be directed to an assigned judge's chambers or contact the Clerk's Office in any location.

Dated this 24 of February 2021.

FOR THE COURT:

Martin Reidinger,
Chief U.S. District Judge